(No. 832—Claimant awarded $3,500.00.)

ABRAM S. WILSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

GOVERNMENTAL FUNCTION—*State not liable for injuries sustained by its employees. State highways.* The State in constructing its highways exercises a governmental function and is not liable for injuries sustained by its employees, while in the performance of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* On grounds of social justice and equity an award may be made to an employee injured in the discharge of his duty, although no legal liability exists against the State.

J. H. SEARING and CHAS. E. HAMILTON, for claimant.

OSCAR E. CARLSTROM, Attorney General; S. S. DuHAMEL, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This case comes before the court on a declaration filed by Abram S. Wilson to recover damages sustained by him while in the employ of the State of Illinois, in the capacity of inspector in the construction of a Portland Cement Concrete pavement, being built by the State of Illinois, known as Section 11, S. D. Route 2, and his declaration alleges that in that capacity he traveled to and from his work by means of a motorcycle, which was owned by the State of Illinois; that on September 28, 1922, he was returning from his work on said road to his residence in Carbondale, and that he was coming toward Carbondale over the completed portion of the pavement on Section 11, S. B. Route 2, which had been opened to traffic; that while traveling over said highway on the evening aforesaid at an hour between six and seven o'clock P. M., and while traveling in the regular traveled track on said paved highway at the rate of about twenty miles per hour, in turning aside to pass an approaching car, the motorcycle which complainant was riding struck a pile of sand on the pavement, which caused the motorcycle to skid across the pavement, striking a bag of calcium chloride, both of which materials were for use in constructing said pavement, thence striking the concrete curb along the edge of the pavement; that he was thrown from the motorcycle in such a manner that he struck a fruit tree with his head, the impact being so severe that his skull was crushed over the right temple and that he was rendered unconscious; that as a result of the accident he was confined in the hospital three weeks; and that he was so

incapacitated by said accident that he was unable to resume his duties as engineer with the State of Illinois, Department of Public Works and Buildings, Division of Highways, between the dates of September 28, 1922, and April 30, 1923; that he did return to his duties as engineer with said Division of Highways at the district office at Carbondale, Illinois, but that the hearing in his right ear was destroyed and the right side of his face was partially paralyzed as a result of said accident.

The demurrer filed by the Attorney General of the State of Illinois is, as a matter of law, sustained.

There is no liability on the part of the State in this case, but on the grounds of social justice and equity, we award the claimant the amount he would be entitled to receive under the Workmen's Compensation Law in force in the State of Illinois, or the sum of $3,500.00.